IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **AIDEN DEVANEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00007-RSB-JCH |
| ) | |
| **OLD DOMINION EQUINE** ) | |
| **ASSOCIATES, PLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OF LAW IN OPPOSITION OF BRAEBURN'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION TO AMEND

Plaintiffs AIDEN DEVANEY and CORRIB RACING LLC (Collectively "Plaintiffs", individually "Mr. Devaney" and "Corrib Racing"), by and through their attorneys, Condon & Forsyth LLP, respectfully submits this Memorandum of Law in Opposition to Defendants BRAEBURN LLC d/b/a BRAEBURN TRAINING FACILITY's ("Braeburn") Motion for to Dismiss and in support of Plaintiffs' Cross-Motion to Amend the Complaint. Defendants' motion should be denied as Plaintiffs have properly plead their negligence and breach of bailment claims.

### PRELIMINARY STATEMENT

This action was commenced on February 9, 2024 and Braeburn filed its Motion to Dismiss in response on or about April 1, 2024. Braeburn moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion should be denied in its entirety as the Complaint sufficiently pleads claims against Braeburn.

### LEGAL STANDARD

A plaintiff need only state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.* at 981.

1

> [A] complaint need not 'make a case' against a defendant or *forecast evidence* sufficient to *prove* an element of the claim . . . the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant to prepare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond. *Chao*, 415 F.3d at 349 (citations and quotations omitted).

A plaintiff does not need to set out all of the facts that it bases its claims on, rather a plaintiff only needs to provide a defendant with a "short and plain statement of the claim." *Material Handling Indus., Inc.*, 391 F. Supp. at 981. "If [a] defendant wishes to probe more deeply the basis of plaintiff's claims, it may avail itself of the liberal discovery procedures provided by the federal rules." *Id*.

Courts should only dismiss complaints for failure to state a claim when, construing all allegations in the light most favorable to the plaintiff, it is clear that no set of facts could be proven under which the plaintiff would be entitled to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "[C]onsideration of a motion to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery." *Teachers' Retirement Sys. of LA v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted *under any set of facts that could be proved consistent with the allegations*.")(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). In the present case, Plaintiffs have met the notice pleading standard of the federal rules. Accordingly, this Court should deny Defendants' motion to dismiss.

## **ARGUMENT**

Braeburn argues Plaintiffs' negligence claim sounds in contract not tort, and therefore is not a viable claim. However the argument is not an accurate representation of the Complaint's text nor Virginia's case law. Braeburn additionally argues a breach of bailment cannot be asserted against it under Va. Code Ann. § 3.2-6518, due to horses being excluded from its coverage.

2

However, Braeburn's argument completely misreads the statute as the language within Va. Code Ann. § 3.2-6518 applies to all animals.

### I.     Braeburn Has a Duty to Plaintiffs, Creating a Viable Negligence Claim

The elements that must be shown to establish negligence are the existence of a duty, breach of that duty, and damages proximately caused by the breach. *Atrium Unit Owners Ass'n v. King,* 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003). Plaintiffs' negligence claims state a cause of action for negligence as the alleged facts establish the required elements.

### a. *Braeburn has a common law duty to provide adequate boarding and training services to Plaintiffs.*

Whether the factual allegations establish that Braeburn had a duty to use reasonable care in providing boarding and training services is a question of law. *Thompson v. Skate America, Inc.,* 261 Va. 121, 128 (2001). Where personal injury and property interests are threatened, a duty in negligence has been found. Tort law redresses "the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *Abi-Najm v. Concord Condominium, LLC,* 2010 Va. LEXIS 229, at 14 (quoting *Filak v. George,* 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004)). Virginia courts have held that interests which have been deemed entitled to protection in negligence have been related to safety or freedom from physical harm. *Blake Const. Co., Inc. v. Alley*, 233 Va. 31, 34-35 (1987). "Property interests also have generally been found to merit protection from physical harm. *Id.*

Braeburn is in the business of equine boarding and training. As with other specialized businesses and professions, there are standards that determine the required degree of care and diligence that must be met by a reasonably prudent equine boarding and training service in performing the services. Plaintiffs' actions rest in tort arising from violations of duties imposed by common law and statutes. As such, their claims are not predicated upon a contract. Further,

3

Braeburn does not indicate a specific contract between Plaintiffs and Braeburn for the boarding and training of Corrib Factor.

The holding in *Kaltman v. All American Pest Control, Inc.* is instructive and should be applied to the subject case. 281 Va. 483 (2011). In *Kaltman*, Plaintiffs hired All American Pest Control to treat and prevent pest infestation. *Id.* at 487. All American Pest Control used commercial pesticide on plaintiffs' home, which had not been approved for residential use. *Id.* The Court denied Defendant's motion that the action may only give rise to a breach of contract claim, not a negligence claim. *Id.* at 490. The Court held plaintiffs were seeking redress for injuries to their persons and property as a result of alleged breaches of common law and statutory duties. *Id*. at 493. "Just because the application of pesticides is included in AAPC's contractual duty to control pests, it does not follow that the Kaltmans have contracted away their common law and statutory rights." *Id*.

Similar to *Kaltman*, Braeburn has a common law duty to provide adequate boarding and training services to Corrib Factor, wherein Plaintiffs would not suffer personal harm to their property. Plaintiffs are seeking redress of the breach of common law for injuries to their property. Plaintiffs have not contracted away their common law and statutory rights. Further, Braeburn's act of not seeking veterinary treatment immediately upon notice of the worsening infection multiple times is outside of any contract between Braeburn and Plaintiffs.

The holding in *Westchester Surplus Lines Insurance Co. v. DART Shelter LLC* is instructive as well. 2019 WL 6873812 (S.C.D.C. 2019). The Court held where an act is voluntarily undertaken, the actor assumes the duty to use due care. *Id.* at *3. The Court cited to the Restatement (Second) of Torts § 323 in its decision:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or

4

things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking. *Id.* at *3.

In the subject case, Braeburn had for consideration, rendered its service as a boarding and training facility. Further, it voluntarily assumed the duty to use due care in its boarding and training of Plaintiffs' horse, Corrib Factor. As the Complaint alleges, Braeburn breached its duty to use due care in its services by failing to render or seek proper veterinary treatment of Corrib Factor. Braeburn's argument there is no duty owed therefore is incorrect and its motion must be denied.

    **b.  *Braeburn breached its common law duty of care for bailment.***

For a bailment to arise, "there must be delivery of the chattel by the bailor and its acceptance by the bailee. *Id*. at 569. In order for an alleged bailee to have possession, "there must be the union of two elements, physical control over the thing possessed, and an intent to exercise that control." *Id*. at 570. Physical control coupled with an intent to exercise control over the goods constitute possession. *Id*. Where a plaintiff pays for his horse to be stabled, boarded, and trained, the Court considers the boarding facility a bailee of plaintiff's horse. *See Pinehurst, Inc. v. Schlamowitz*, 351 F.2d 509 (4th Cir. 1965).

In the subject action, the facts alleged in the Complaint establish there is a bailment relationship between Plaintiffs and Braeburn, with Braeburn as the bailee. Specifically, Corrib Factor was sent down and accepted at Braeburn to begin his training as a thoroughbred racehorse. *See* Complaint, p. 5, para. 34. Braeburn would charge a monthly fee to Plaintiffs for the boarding and training of Corrib Factor. *Id.* at para. 35. Braeburn had both physical control over Corrib Factor and intended to exercise that control by boarding and training Corrib Factor. Plaintiffs expected Corrib Factor to be returned in a good condition and not damaged in any way.

5

"The primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectation." *Filak v. George*, 267 Va. 612, 618 (2004). Virginia's Supreme Court has held "a single act or occurrence can, in certain circumstances, support causes of action for both breach of contract and for a breach of duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages. *Kaltman v. All American Pest Control, Inc.* 281 Va. 483, 491 (2011).

Though Braeburn argues it has no common law duty related to negligence, it fails to recognize Virginia's common law duty of care for bailment. *Studco Building System U.S., LLC v. 1st Advantage Federal Credit Union*, 509 F.Supp.3d 560, 570 ( E.D. Va 2020). A bailee must use ordinary care for the protection, preservation, and return of the bailed property, if a bailment is for the mutual benefit of a bailor and bailee. *Volvo White Truck Corp. v. Vineyard*, 239 Va. 87, 91 (1990) (citing *Stevedore Co. v. Lindsay,* 136 Va. 88, 99 (1923); *see also Pinehurst, Inc.* at 512-13 (A bailee is "required to exercise that degree of care which a person of reasonable prudence would use with respect to his own goods."). In an action by a bailor against a bailee, a party may rely "either upon the contract for the safe keeping and return of his property or bring an action alleging negligence." *Boland v. Southern Ice Co.*, 80 F.Supp. 924, 925 (D.S.C. 1948). A violation by the bailee of a duty or obligation "imposed upon him by bailment is not only a breach of his contract, but also a tort." *Id.* at 926.

A negligence claim against Braeburn is viable as Braeburn owed a common law duty of care as bailee to Plaintiffs. Braeburn owed a duty to protect, preserve, and return Corrib Factor to Plaintiffs. The allegations in the Complaint show Braeburn breached its duty, by failing to properly seek treatment in a timely manner and by its failure to advise Plaintiffs of the condition

of Corrib Factor's condition. *See* Complaint, page, 5-6, paras. 39-42, 45. Plaintiffs' Complaint alleges Braeburn breached its duty of the boarding services (as a bailee) for its failure to provide adequate veterinary services to Corrib Factor. *Id.* at para. 68. Plaintiffs' negligence cause of action lies in Braeburn's breach of its common law duty of bailment and therefore is not based in contract.

## II. Va. Code Ann. § 3.2-6518 Does Not Explicitly Exclude Horses From its Coverage and the Breach of Bailment Claim is Viable.

Braeburn attempts to argue Va. Code Ann. § 3.2-6518, is limited only to "companion animals", however Braeburn's counsel misstates and misreads the statute. Specifically Va. Code Ann. § 3.2-6518 provides "When an <u>animal</u> is boarded at a boarding establishment…the boarding establishment shall be responsible for providing the animal care requirements for each <u>animal</u> as specified in. § 3.2-6503." While Va. § 3.2-6503 states what an owner shall provide for its companion animals, such as adequate feed, water, and veterinary treatment, Va. Code Ann. § 3.2-6518 simply adopts what care is to be provided for *any* animal that is boarded at a boarding establishment, not limited to companion animals. Va. Code Ann. § 3.2-6518 is not limited to companion animals, as it specifically states "animal" and not "companion animal" in its language. Under Va. Code Ann. § 3.2-6500, an "animal" is defined as "any nonhuman vertebrate species except fish." As Braeburn's counsel points out "companion animal" is also defined under Va. Code Ann. § 3.2-6500, which definition is not used within the language of Va. Code Ann. § 3.2-6518. Va. Code Ann. § 3.2-6518 does not exclude horses under its coverage, as a horse is defined as an animal.

Therefore, Plaintiffs breach of bailment claim, which partially relies on Va. Code Ann. § 3.2-6518 is a viable cause of action. Further, it is noted Plaintiffs have sufficiently pled a breach of bailment claim outside of Va. Code Ann. § 3.2-6518, as argued in the above section.

### III.     Plaintiffs Should Be Afford the Opportunity to Amend Their Complaint

If the Court disagrees with the above arguments, Plaintiffs cross-move, pursuant to FRCP 15 to amend its Complaint in the alternative to include allegations of breach of contract and breach of bailment that does not rely on the Va. Code Ann. § 3.2-6518.  Leave to amend should be "freely given when justice so requires."  FRCP 15(a)(2).  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

In the subject case, there has been no bad faith on part of Plaintiffs.  Further, the amendment to include a breach of contract cause of action is not futile as Braeburn is arguing the cause of action arises from a contract, not a tort.  As to the amendment to the breach of bailment cause of action to not rely on Va. Code Ann. § 3.2-6518, there continues to be a viable cause of action as Plaintiffs and Braeburn entered into a bailment relationship.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court denies Braeburn's Motion to Dismiss, or in the alternative grants Plaintiffs' motion for leave to amend the Complaint.

Dated:   New York, New York
        April 26, 2024

        Respectfully submitted,

        CONDON & FORSYTH LLP

By_____
        James F. Di Maggio, Esq.

Times Square Tower
7 Times Square – 18th Floor
New York, New York  10036

8

Telephone: (212) 490-9100
Facsimile: (212) 370-4453

-and-

HARDING COUNSEL, PLLC
Elliott Harding, Esq.
elliott@hardingcounsel.com
1260 Clifden Greene
Charlottesville, VA 22901
Telephone: 434-962-8465

*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: N/A

                                                /s/James Di Maggio
                                                James F. Di Maggio, Esq.