IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| AIDEN DEVANEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00007-RSB-JCH |
| ) | |
| OLD DOMINION EQUINE ) | |
| ASSOCIATES, PLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN OPPOSITION OF MOTION TO DISMISS**

Plaintiffs AIDEN DEVANEY and CORRIB RACING LLC (Collectively "Plaintiffs", individually "Mr. Devaney" and "Corrib Racing"), by and through counsel, respectfully submit this Memorandum of Law in Opposition to Defendants OLD DOMINION EQUINE ASSOCIATES, PLC ("ODEA"), KEITH F. BRADY, DVM ("Brady"), and TIFFANY M. SNELL, DVM's ("Snell") (collectively "ODEA Defendants") Motion for to Dismiss.  Defendants' motion should be denied as Plaintiffs properly allege medical malpractice and gross negligence claims against Defendants.

**PRELIMINARY STATEMENT**

This action was commenced on February 9, 2024 and the ODEA Defendants interposed an Answer on or about March 21, 2024. The ODEA Defendants now move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion should be denied in its entirety as the Complaint sufficiently pleads claims against the ODEA Defendants and the counterclaims/third-party claims proposed are unrelated to the claims asserted by Plaintiff.

1

## LEGAL STANDARD

A plaintiff need only state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007). Pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.* at 981.

> [A] complaint need not 'make a case' against a defendant or *forecast evidence* sufficient to *prove* an element of the claim . . . the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant to prepare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond. *Chao*, 415 F.3d at 349 (citations and quotations omitted).

A plaintiff does not need to set out all of the facts that it bases its claims on, rather a plaintiff only needs to provide a defendant with a "short and plain statement of the claim." *Material Handling Indus., Inc.*, 391 F. Supp. at 981. "If [a] defendant wishes to probe more deeply the basis of plaintiff's claims, it may avail itself of the liberal discovery procedures provided by the federal rules." *Id*. Courts should only dismiss complaints for failure to state a claim when, construing all allegations in the light most favorable to the plaintiff, it is clear that no set of facts could be proven under which the plaintiff would be entitled to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "[C]onsideration of a motion to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery." *Teachers' Retirement Sys. of LA v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted *under any set of facts that could be proved consistent with the allegations*.")(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). In the present case, Plaintiffs have met the notice pleading standard of the federal rules. Accordingly, this Court should deny Defendants' motion to dismiss.

## ARGUMENT

ODEA argues Plaintiffs negligence and professional claims are duplicative as they are based on the same facts, however the argument is not an accurate representation of the Complaint's text. As ODEA points out in its, motion, there is not much case law on veterinarian malpractice in Virginia. However, this is not due to discussion about recoverable damages for veterinarian malpractice. *See Blue Pearl Veterinary Partners, LLC v. Anderson*, 78 Va. App. 40 (Va. Ct. App. 2023). Virginia recognizes actions for negligence and professional malpractice as separate claims, not one claim. *See Cooper v. Commonwealth*, 2024 WL 1258975 at n. 7 (Va. Ct. App. 2024); Code § 8.01-581.1.

### I. Virginia's Medical Malpractice Jurisprudence Does Not Apply To Veterinary Malpractice.

The Defendants note that there is "quite little law in Virginia on veterinarian malpractice" and posit that this is "most likely due to extremely limited damages historically recoverable in such cases." Def. Motion to Dismiss, at 3 (ECF Doc. 15-1) (citing *Kondaurov v. Kerdasha*, 271 Va. 646, 657 (2006). Notably, the law in Virginia has been clarified that the recoverable damages in a cases such as this may extend well-beyond the mere replacement value of the animal to include those reasonable and necessary costs for treating the injury caused by tortious conduct. *Blue Pearl Veterinary Partners, LLC*, 78 Va. App., at 49. Nevertheless, the Plaintiffs are only seeking damages in an amount of the lost value of Corrib Factor, not additional costs. Virginia's traditional "medical malpractice" jurisprudence does not extend to this case as horses are considered personal property. Therefore, the Defendants' reliance on cases such as *Mullins v. Woodmont Health Care Ctr.*, 56 Va. Cir. 295 (Spotsylvania Cir. Ct. 2001) is misguided and those cases are generally inapplicable. In *Mullins*, as well as all medical malpractice cases in Virginia, Virginia's common law jurisprudence is shaped by the applicable standards associated with medical treatment for

3

humans as well as the governing Code provisions related to litigation, such as caps on the recovery of damages and heightened pleading or evidentiary standards. In *Mullins*, the Court recognized that an action for "medical" malpractice triggers Virginia's Malpractice Act, Virginia Code §§ 8.01-581.1 et seq., which, among other things, permits any party to the action to request a medical malpractice review panel. *Id.*, at 296. ("If a victim of malpractice could obviate such a panel merely by labelling his claim ordinary negligence, the legislative purpose would be thwarted. For this reason alone, the plaintiff must designate his action as it really is."). No such triggering event applies in the pending claim for veterinary malpractice.

Second, Virginia's General Assembly established limitations on the amount of recovery available in medical malpractice cases. Virginia Code § 8.01-581.15. These caps do not apply in cases of veterinary malpractice and do not apply to cases of ordinary negligence. The *Mullins* decision was predicated on the fact that "if a victim of [medical] malpractice could avoid the [malpractice] caps merely by labelling his claim something other than malpractice, the statutory limitation would be subverted." Id. ("So, for this reason, too, the plaintiff must designate his action as it really is."). For these and other reasons, the Defendants argument that the claims contained in Count I should be governed by Virginia's medical malpractice jurisprudence are without merit.

    II.    **Count I and Count II Are Not Duplicative.**

        A. **Count I Specifically Alleges Malpractice Pursuant To Defendants' Failure To Adhere To Professional Standards Created By Virginia Code Which Is An Allegation of Negligence *Per Se* Rather Than Negligence Pursuant To Virginia Common Law.**

Contrary to the Defendants' contention, the Plaintiffs have not alleged that 18 Virginia Administrative Code § 150-20-140 creates a private right of action for malpractice. Instead, Count I has merely cited the Defendants' violation of applicable, governing professional standards in the Code as a means of putting the Defendants on notice of the professional norms that the Plaintiffs

4

intend to establish as negligence *per se*. Virginia recognizes a difference between negligence and negligence *per se*, and absent the Plaintiffs' citation to applicable state Code and its standards, the latter would not be a valid cause of action. The Defendants are effectively asking this Court to find that claims for negligence *per se* and common law negligence are the same and, therefore, duplicative. Such a holding would render an entirely separate doctrine of negligence jurisprudence to be void—one which is predicated on codified standards governing professional standards. As a result, the claim for malpractice in Count I remains justiciable, as it is not duplicative and it is predicated on alternative standards and evidence. The Defendants' motion to dismiss Count I must be denied.

### B. The Malpractice Claim Is Governed By Alternative Standards Than Traditional Negligence.

As recognized by the *Mullins* decision cited by the Defendants, some of the basic principles applicable to recovery for malpractice differ from ordinary negligence concepts. *Mullins*, at 297. "For instance, recovery is based on whether the treatment rendered, or the act done or omitted, violated the applicable standard of care, and whether the violation was the proximate cause of the plaintiff's injury." *Id*. The "applicable standard of care" inquiry raises a number of sub-issues, few if any of which arise in ordinary negligence litigation. *See, e.g.*, *King v. Sowers*, 252 Va. 71, 471 S.E.2d 481 (1996). Finally, other requirements may attach to malpractice actions that do not apply to other negligence cases. *See, e.g., Gonzalez v. Fairfax Hospital*, 239 Va. 307, 389 S.E.2d 458 (1990). As a result, it would be an error to find that the claims, standards, and factual predicates for Counts I and II are duplicative and therefore dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is improper.

### III. The Defendants Cannot Have Both Counts Dismissed On The Theory That They Are Duplicative.

At minimum, the relief the Defendants seek is overbroad. Should this Court hold, arguendo, that Count I is a duplicative claim for negligence, the remedy would not be to dismiss both counts but merely Count I as a duplicative pleading of professional malpractice that is governed by a traditional negligence standard claimed in Count II. The Defendants cannot argue that Count I should be dismissed as being presented pursuant to a Code that is devoid of a private right of action and then claim that Count II is duplicative of a to-be-dismissed Count I because Count II would no longer be duplicative of an active cause of action. Should this Court find that Count I does not present a cognizable action, Count II remains justiciable and must not be dismissed.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court denies ODEA Defendants' Motion to Dismiss, or in the alternative dismiss the action without prejudice allowing Plaintiffs to refile its action.

Dated:   New York, New York
         April 26, 2024

                                          Respectfully submitted,
                                          CONDON & FORSYTH LLP

                                          By_____
                                              James F. Di Maggio, Esq.

                                          Times Square Tower
                                          7 Times Square – 18th Floor
                                          New York, New York  10036
                                          Telephone: (212) 490-9100
                                          Facsimile: (212) 370-4453

                                          -and-

        HARDING COUNSEL, PLLC
        Elliott Harding, Esq.
        elliott@hardingcounsel.com
        1260 Clifden Greene
        Charlottesville, VA 22901
        Telephone: 434-962-8465

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: N/A.

    /s/James Di Maggio  
James F. Di Maggio, Esq.