IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| AIDEN DEVANEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00007-RSB-JCH |
| ) | |
| OLD DOMINION EQUINE ) | |
| ASSOCIATES, PLC, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

COME NOW the defendants, Old Dominion Equine Associates, PLC ("ODEA"), Keith F. Brady, DVM ("Dr. Brady"), and Tiffany M. Snell, DVM ("Dr. Snell") (collectively, the "Defendants"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully state the following in reply to Plaintiffs' Memorandum of Law in Opposition of Motion to Dismiss (ECF 29):

**I.  Defendants do not seek dismissal of <u>both</u> Counts I and II on grounds of duplication.**

1. Plaintiffs misapprehend the relief sought by Defendants via the Motion to Dismiss.

2. As laid out in the Motion to Dismiss (ECF 12) and supporting memorandum (ECF 17), Defendants only seek the dismissal of Count II (Negligence/Recklessness/Gross Negligence) based on the inappropriate duplicative pleading.

3. Dismissal of Count II (as opposed to Count I) is appropriate because the claims asserted against Defendants sound in professional negligence, not ordinary negligence.

4. Indeed, the claims are based on alleged deviations from professional standards, and Virginia law dictates that professionals, such as Defendants, are "entitled to be judged by the

standard of care prevailing in their profession at the appropriate time and place." Spainhour v. B. Aubrey Huffman & Assoc., Ltd., 237 Va. 340, 346, 377 S.E.2d 615, 619 (1989).

5. Accordingly, the Court should dismiss Count II of the Complaint as needlessly duplicative of Plaintiffs' true claim – professional malpractice (Count I).

## II. While medical malpractice jurisprudence is not binding, it is analogous and helpful in deciding the issues before the Court.

6. Defendants have not argued (and do not argue) this claim is subject to the provisions of the Medical Malpractice Act regarding review panels, caps on damages, or the like.

7. In fact, when citing Mullins v. Woodmont Health Care Center, 56 Va. Cir. 295 (Spotsylvania Cir. Ct. 2001), Defendants pointed out the decision was handed down "in the analogous context on [sic] medical malpractice" (emphasis added).

8. Nonetheless, the decision in Mullins is helpful because part of the rationale for the decision – namely, that malpractice claims, unlike ordinary negligence claims, involve proof of a deviation from professional standards – is equally applicable to malpractice claims against veterinarians, because veterinarians, like health care providers, are professionals subject to strict licensing and regulatory requirements.

9. In fact, the Supreme Court of Virginia has drawn parallels between actions for medical malpractice and legal malpractice, and the practice of medicine is far more similar to the practice of veterinary medicine than the practice of law. See Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp., 249 Va. 426, 432, 457 S.E.2d 28, 32 (1995) ("With respect to contributory negligence, we discern no logical reason for treating differently legal malpractice and medical malpractice actions. Both are negligence claims . . . .") (citation omitted).

10. Accordingly, this Court should follow the decision in Mullins and dismiss Count II as needlessly duplicative of the professional malpractice claim in Count I.

### III. While Virginia recognizes negligence and professional malpractice as separate claims, Plaintiffs have not alleged two different claims in this case.

11. Defendants have not argued (and do not argue) negligence and professional malpractice are one and that same, or that a professional can never be sued for ordinary negligence.

12. Indeed, it would be silly to argue a physician could not be sued for ordinary negligence in causing a rear-end motor vehicle accident, or that an attorney could not be sued for ordinary negligence in allowing a dangerous condition to exist on his property.

13. However, as the Supreme Court of Virginia acknowledged in Lyle, professional malpractice claims are a subset of negligence claims. 249 Va. at 432, 457 S.E.2d at 32.

14. As such, all professional malpractice claims are negligence claims, but not all negligence claims are professional malpractice claims.

15. Here, Plaintiffs have pleaded a claim based on alleged deviations from professional standards, which is a claim for professional malpractice.

16. Plaintiffs have not pleaded a separate claim for ordinary negligence – e.g., a claim that Defendants injured Corrib Factor by running over his leg with a golf cart or via some other act or omission separate and apart from the provision of veterinary care.

17. Accordingly, Count II is needlessly duplicative of Count I and should be dismissed.

### IV. There can be no negligence *per se* claim based on 18 Virginia Administrative Code § 150-20-140(6) and (7).

18. Plaintiffs make no argument that 18 Virginia Administrative Code § 150-20-140(6) or (7) creates a private right of action, thereby conceding the issue. Gowen v. Winfield, Case No. 7:20cv00247, 2022 U.S. Dist. LEXIS 48532, at *7 (W.D. Va. Mar. 18, 2022) (collecting authority for the proposition that "'failure to respond to an argument made in a dispositive pleading results in a concession of that claim'").

3

19. Nevertheless, Plaintiffs argue they may still rely on 18 Virginia Administrative Code § 150-20-140(6) and (7) in bringing a negligence *per se* claim.

20. This argument is without merit, as the aforementioned regulations (1) cannot create a duty of care and (2) do not establish a standard of care applicable to some independently arising duty.  See A.H. Church of God in Christ, Inc., 297 Va. 604, 631, 831 S.E.2d 460, 475 (2019) ("[T]he negligence *per se* 'doctrine does not create a duty of care' but 'merely sets a standard by which the defendant may be judged in the common-law action . . . .'") (citation omitted).

21. Indeed, the regulations merely enumerate forms of conduct the Virginia Board of Veterinary Medicine considers "unprofessional" (but not necessarily malpractice) and do so in such vague terms that they, at best, reiterate the common law duty to provide veterinary care in accordance with the applicable standard of care.

22. Furthermore, even if the regulations could support a negligence *per se* claim, Plaintiffs failed to allege several elements of the claim, including that the regulations were enacted for public safety, that Plaintiffs belong to the class of persons for whose benefit the regulations were enacted, and that the harm suffered was of the type against which the regulations were designed to protect.  See Schlimmer v. Poverty Hunt Club, 268 Va. 74, 78-79, 597 S.E.2d 43, 46 (2004) (citing Halterman v. Radisson Hotel Corp., 259 Va. 171, 176-77, 523 S.E.2d 823, 825 (2000); Virginia Elec. & Power Co. v. Savoy Constr. Co., 224 Va. 36, 45, 294 S.E.2d 811, 817 (1982)).

23. Accordingly, to the extent Plaintiffs are asserting a claim based on 18 Virginia Administrative Code § 150-20-140(6) or (7), such claim fails as a matter of law and should be dismissed with prejudice.

WHEREFORE the defendants, Old Dominion Equine Associates, PLC, Keith F. Brady, DVM, and Tiffany M. Snell, DVM, respectfully request that the Court (1) dismiss Count II

(Negligence/Recklessness/Gross Negligence) of the Complaint with prejudice; (2) dismiss Count I (Professional Malpractice) of the Complaint with prejudice insofar as it is based on 18 Virginia Administrative Code § 150-20-140(6) or (7); and (3) award Defendants any additional relief the Court deems just and appropriate.

                                        OLD DOMINION EQUINE ASSOCIATES, PLC,
                                        KEITH F. BRADY, DVM, and
                                        TIFFANY M. SNELL, DVM

                                        /s/
                                        G. Christopher Jones, Jr., Esq. (VSB #82260)
Raymond J. Sinnott, IV, Esq. (VSB #77322)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3864 (Jones)
(804) 893-3871 (Sinnott)
(804) 378-2610 (Facsimile)
cjones@snllaw.com
jsinnott@snllaw.com
*Counsel for Old Dominion Equine Associates, PLC, Keith F. Brady, DVM, and Tiffany M. Snell, DVM*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 26th day of April, 2024, a true and accurate copy of the foregoing Reply Brief was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                      /s/
                         G. Christopher Jones, Jr., Esq. (VSB #82260)
                         Raymond J. Sinnott, IV, Esq. (VSB #77322)
                         SINNOTT, NUCKOLS & LOGAN, P.C.
                         13811 Village Mill Drive
                         Midlothian, Virginia 23114
                         (804) 893-3864 (Jones)
                         (804) 893-3871 (Sinnott)
                         (804) 378-2610 (Facsimile)
                         cjones@snllaw.com
                         jsinnott@snllaw.com
                         *Counsel for Old Dominion Equine Associates, PLC,*
                         *Keith F. Brady, DVM, and Tiffany M. Snell, DVM*